May Term,
1845.

CONARD
v.
DOWLING.

CONARD and Others *v.* DOWLING.

A plea to a suit on a promissory note relied on the plaintiff's non-performance of a certain agreement set out in the plea. The replication described the agreement, which differed materially from that stated in the plea. *Held,* on general demurrer, that the replication was valid; it being a substantial denial of the plea.

A rejoinder professing to be to the whole of said replication, but only attempting to answer an immaterial part, was held to be bad.

A plea professing to answer the whole declaration, and attempting to answer only one of the counts, is bad in substance.

To a suit on a promissory note, the defendant pleaded that the note sued on, and other notes, &c., were given in payment for the "Wabash Courier" newspaper and printing establishment, &c., at *Terre-Haute ;* that in further consideration of said notes, it was agreed by the plaintiff that no newspaper or printing-office should be established by him, or by any person for him, within fifty miles of that place ; that one *T. D.,* who, at the time of the sale, owned one-half of said property, had since the sale established, and continued to publish, a newspaper called "The Wabash Express" in *Terre-Haute ;* that the plaintiff, at the time of establishing the paper, and since, aided the said *T. D.* in establishing and continuing it, and, in fraud of his agreement, aided in diverting the patronage of the newspaper and establishment, sold as aforesaid, from the same ; that by his aid and procurement, and in combination with said *T. D.,* the same was diverted and withdrawn from the "Wabash Courier," and transferred to "The Wabash Express ;" to the injury, &c. *Held,* that the plea was insufficient.

ERROR to the *Vigo* Circuit Court.

*Friday,*
*July* 25.

BLACKFORD, J.— *John Dowling* brought an action of assumpsit against *Jesse Conard* and others. The declaration contains two counts. The first is on a promissory note dated the 9th of *September,* 1841, for 700 dollars, payable two years after date. The second is for money paid, money lent, and money had and received. There are six pleas in bar.

The first plea is non assumpsit to the second count.

The second plea, which is to the first count, is substantially as follows: That on the 9th of *September,* 1841, the plaintiff sold the defendants, *Conard* and *Harris,* his title and interest in the "Wabash Courier" newspaper and printing establishment at *Terre-Haute,* embracing the whole claim to the patronage, &c., for five dollars in hand, and the further sum of 2,000 dollars; for the payment of which last-mentioned sum, *Conard* and *Harris* executed to the plaintiff their eight several promissory notes for 100 dollars each, dated the day

and year aforesaid, and payable twelve months after date, also one other note for 200 dollars of the same date and payable at the same time, also one other note for 300 dollars payable to *Jenks* and others two years after date and indorsed by the payees, also the note described in the first count of the declaration; that as a full and further consideration for said notes, the plaintiff agreed to give *Conard* and *Harris*, at or before the time when the notes or any of them became due, a complete title to said property, clear of any claim, incumbrance, or lien of any person; that the plaintiff did not give *Conard* and *Harris* a title to said property clear of any claim, incumbrance, or lien, on or before the time when the first note or any of the notes became due, nor has he given them such title since; but that *Richard Blake* and others (naming them,) when the notes became due, held and still hold a mortgage, &c., on an undivided half of said property for the sum of 1,200 dollars, which is unpaid; and that therefore the consideration of the note sued on has wholly failed.

Replication to the second plea: That by the agreement made between the plaintiff and *Conard* and *Harris* for the sale of the property specified in the plea, the plaintiff stipulated and agreed as a part thereof, that he would indemnify and defend and save harmless *Conard* and *Harris* against any claim or suit, that might be brought by any person in reference to said property; and that no suit should be brought on any of said notes, while any legal claim, mortgage, &c., against said property should remain unsatisfied, unless the plaintiff should furnish sufficient security against said claims, which stipulations *Conard* and *Harris* did accept and consent to, and took and kept and continued to keep possession of said property, and to use the same; that the plaintiff has always performed, and has always been ready and willing to perform, his said agreement; that before the commencement of this suit, or of any suit on any of the notes, he furnished said defendants sufficient security, &c.; and that since said sale, he has satisfied said mortgage so far as it was a lien on said property; and this he is ready to verify.

Rejoinder: And the defendants as to said replication say *actio non*, because they say that the said mortgage, in said replication mentioned, was not paid and released before the

notes became due, and before the institution of this suit; and of this they put themselves upon the country.

Special demurrer to this rejoinder, and the demurrer sustained.

Admitting the second plea to be good, of which, however, we give no opinion, the replication to it is, in substance, sufficient. According to the plea, the plaintiff agreed to give *Conard* and *Harris*, on or before the notes or any of them became due, a complete title to the property, clear of any incumbrance; but according to the replication, it was a part of the agreement that no suit should be brought on any of the notes, while there was any lien on the property, unless the plaintiff should furnish sufficient security against such lien. As the plea states the agreement, the property was to be discharged from all incumbrances at or before the time any of the notes fell due, but as the replication states it, an indemnity only was to be given against the incumbrances before suit on any of the notes. The replication, therefore, represents the agreement to be a different one from that which the plea describes, and is consequently valid, on general demurrer, as a substantial denial of the plea. It improperly concludes with a verification, but that is only matter of form. 3 Will. Saund. 190, note. That part of the replication alleging payment of the mortgage, without saying when it was paid, amounts to nothing.

The rejoinder, which is to the whole replication, has no application to the material part of it, and is therefore bad.

There is a replication to the third plea, a rejoinder to the replication, and a special demurrer to the rejoinder; and the demurrer was sustained. The third plea is pleaded in bar of the whole cause of action, and attempts to answer only the first count; it is insufficient, therefore, on general demurrer.

There is a replication to the fourth plea, a rejoinder to the replication, and an issue thereon to the country.

The fifth plea was replied to, the replication specially demurred to, and the demurrer overruled. The fifth plea, like the third, professes to answer the whole cause of action, and only attempts to answer the first count; it is therefore substantially bad.

The sixth plea is to the first count, and is in substance as

May Term, 1845.

CONARD
v.
DOWLING.

follows: That the note was executed in part payment for the "Wabash Courier" newspaper and printing establishment at *Terre-Haute*, embracing the whole claim to the patronage, subscription-list, and book of subscribers to the paper, together with the press, &c., sold by the plaintiff to the defendants for the sum of five dollars in hand, and the further sum of 2,000 dollars for the payment of which the note sued on and other notes were given; that in further consideration of said notes, it was agreed by the plaintiff with the defendants, that no newspaper, or printing-office, should be established by himself, or by any person for him, within fifty miles of *Terre-Haute;* that one *Thomas Dowling*, who, at the time of said sale, owned one half of said property, has since the sale established, and has ever since continued to publish, a newspaper called "The Wabash Express" in *Terre-Haute;* that the plaintiff, at the time of establishing the paper, and since, aided and assisted the said *Thomas* in so establishing and continuing the same, and, in fraud of his said agreement, aided in diverting the patronage of the newspaper and establishment so sold as aforesaid from the same; that by his aid and procurement, and in combination with said *Thomas*, the same was diverted and withdrawn from the "Wabash Courier," and transferred to "The Wabash Express," to the great injury of the patronage and support of the "Wabash Courier;" wherefore the consideration of said note has wholly failed.

General demurrer to the sixth plea, and the demurrer sustained.

The plaintiff's agreement relied on in the sixth plea is, that no newspaper nor printing-office should be established by himself, nor by any person for him, within fifty miles of *Terre-Haute;* but there is no allegation that the plaintiff, or any person for him, had so established any such paper or office. The alleged conduct of the plaintiff does not show a breach of the agreement, and the plea must therefore be bad. Whether if such breach had been shown, the plea would have been good, we have not examined.

The issues in fact and assessment of damages were submitted to the Court, and judgment rendered for the plaintiff. There is no error complained of in this part of the cause.

*Per Curiam.*—The judgment is affirmed with 2 *per cent.* damages and costs.

R. W. *Thompson* and C. W. *Barbour*, for the plaintiffs.
W. D. *Griswold* and J. P. *Usher*, for the defendant.